UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERUAH HALLENA HINKLE,

    Plaintiff,

v.

CITY OF HAZEL PARK, POLICE OFFICER
BRADEN, POLICE OFFICER CLARK, AND
POLICE OFFICER HAMEL,

    Defendants.
    _____/

Case No. 04-70831

Honorable John Corbett O'Meara

**MEMORANDUM OPINION AND ORDER
GRANTING CITY OF HAZEL PARK, OFFICER CLARK AND OFFICER HAMEL'S
JANUARY 13, 2005 MOTION FOR SUMMARY JUDGMENT AND DISMISSAL
AND GRANTING OFFICER BRADEN'S
JANUARY 13, 2005 MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on Defendants' January 13, 2005 motions for summary judgment. Plaintiff filed responses February 8 and 10, 2005; and Defendants filed reply briefs February 22 and 24, 2005. Oral argument was heard March 4, 2005.

**BACKGROUND FACTS**

Plaintiff Jeruah Hinkle claims that while she was being held in the Hazel Park police lockup for contempt of court, she was physically attacked and beaten by another inmate, Jackie Lynn Mosley. She contends that defendant Officer Braden told Mosley to beat her up because Mosley complained to the officer that Hinkle's screaming and carrying on was bothering her. The complaint alleges that defendant City of Hazel Park was deliberately indifferent to Plaintiff's constitutional rights. Plaintiff alleges violations under the Fourth, Eighth and Fourteenth Amendments. The amended complaint also alleges claims for intentional infliction of emotional distress and gross

negligence, state claims that had already been dismissed by the court shortly after the initial complaint was filed. Defendant Braden and the remaining defendants have filed separate dispositive motions.

## **LAW AND ANALYSIS**

Plaintiff concedes that she had been sentenced to serve a five-day jail term for contempt of court and was serving that sentence at the time of the alleged assault by her cellmate. The Fourth Amendment protects against claims in the course of an arrest, investigatory stop, or other seizure. Graham v. Connor, 490 U.S. 386 (1989). The failure to protect a convicted person from an attack by another inmate is actionable only under the Eighth Amendment. Therefore, the court will dismiss all of Plaintiff's claims that are alleged violations of the Fourth Amendment.

A plaintiff may sustain a claim for such a failure to protect only upon a showing of deliberate indifference. Farmer v. Brennan 511 U.S. 825 (1994). The United States Court of Appeals for the Sixth Circuit has explained the deliberate indifference standard as follows:

> The Defendant acts with deliberate indifference if he causes unnecessary and wanton infliction of pain on [the plaintiff] by deliberately disregarding a serious threat to [the plaintiff's] safety, after actually becoming aware of that threat. An inadvertent or negligent failure to adequately protect [the plaintiff] does not constitute deliberate indifference.

Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990).

In this case Plaintiff has provided no evidence to show that either defendant Officer Clark or defendant Officer Hamel had legally sufficient contact with Plaintiff to demonstrate actual knowledge of a specific threat of harm to her. Although the log shows that both officers were on duty that day, Plaintiff cannot show that these officers were put on notice that Mosley threatened to injure her. The only officer that was aware that Mosley was irritated by Plaintiff is Officer

Braden. Therefore, Plaintiff's claims against Officers Clark and Hamel for failing to protect her are unsustainable under the Eighth Amendment.

A municipality may be liable under 42 U.S.C. § 1983 for a constitutional violation only if it causes the deprivation of constitutional rights through an official policy or custom. Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91 (1978). Although the failure to implement necessary training practices can constitute an official policy for the purposes of a Section 1983 claim, "the inadequacy of training is actionable only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [officers] come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989).

Plaintiff alleges that the City's practice and policy of housing female inmates caused her alleged injuries. Because of space constraints, the City generally houses females in one cell; however, allowances are made for special circumstances. Neither Plaintiff nor Mosley fell into any category which would have subjected them to special scrutiny. Plaintiff cannot demonstrate that the City's policy pertaining to housing inmates in the jail is constitutionally deficient on its face. In addition, any claim for failure to supervise fails in this instance, as the police department investigated this matter after Plaintiff filed a citizen's complaint with the department and discipline was meted out.

In City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985) the United States Supreme Court held that plaintiffs are required to demonstrate that the complained of incident is more than an isolated one and that a pattern of unconstitutional conduct existed before this incident, putting a city on notice of particular training deficiencies. In this case Plaintiff has no evidence to support claims

3

against the City of Hazel Park for failure to train, failure to supervise, or failure to discipline its officers. Therefore, the City is entitled to summary judgment on Plaintiff's constitutional claims.

Defendant Scott Braden has moved for summary judgment in a separate motion. Plaintiff alleges that Officer Braden told Mosley to "kick [Plaintiff's] fucking ass." Defendant Braden denies the allegation and contends that he told Mosley to do whatever she had to do in order to ignore the commotion Plaintiff was causing.

Analyzing Plaintiff's claims against Officer Braden under the Eighth Amendment, the court must determine whether Plaintiff has demonstrated that the harm to her was objectively serious and that the defendant was deliberately indifferent "to a substantial risk of serious harm" to her. Plaintiff has no evidence, other than her own deposition testimony, to show that she suffered objectively serious harm. It was only Mosley, not Plaintiff, who suffered any visible injuries during their altercation, which by the way, Mosley has averred was started by Plaintiff.

Plaintiff acknowledges that after she was transported to the Oakland County Jail, the only medical attention she received was the cleaning of a scratch or abrasion on her cheek and perhaps some "ointment." The area was not even bandaged. Plaintiff contends merely that the wound on her face was "yucky." The Sixth Circuit has frequently evaluated the seriousness of a prisoner's medical needs by using a common sense "obviousness" approach, including cases in which the prisoner had a "very minor injury for which many people outside prison would not even think of seeking professional medical treatment." Nickens v. Anderson, 56 Fed. Appx. 244, 245 2003 WL 344214 (6th Cir. Feb. 13, 2003).

Viewing the evidence in the light most favorable to plaintiff Hinkle, that is accepting the assertion that Officer Braden told Mosley to "kick [Plaintiff's] fucking ass," the court finds that Plaintiff's injuries did not rise to the level of a constitutional violation.

## ORDER

It is hereby **ORDERED** that the January 13, 2005 motion for summary judgment and dismissal by defendants City of Hazel Park, Officer Clark and Officer Hamel is **GRANTED.**

It is further **ORDERED** that Officer Braden's January 13, 2005 motion for summary judgment is **GRANTED.**


       s/John Corbett O'Meara
       John Corbett O'Meara
       United States District Judge

Dated:  September 8, 2005